# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| HSBC Bank USA, National Association, as Indenture Trustee for People's Choice Home Loan, Securities Trust Series 2005-3<br><br>Plaintiff,<br><br>v.<br><br>Ruth Helen Davis,<br><br>Defendant. | Case No. 1:12-cv-06801<br><br>Judge John Robert Blakey |

## MEMORANDUM OPINION AND ORDER

In this foreclosure action, Defendant Ruth Helen Davis ("Defendant") moves to dismiss Plaintiff HSBC Bank USA, National Association's ("Plaintiff") Amended Complaint to Foreclose Mortgage pursuant to Federal Rule of Civil Procedure 12(b)(7). Def.'s Mot. to Dismiss [91] at *1. Defendant's motion is premised upon Plaintiff's failure to join the Condominium Association which manages the subject property. *Id.* Defendant's motion to dismiss is denied.

Federal Rule of Civil Procedure 12(b)(7) stipulates that a party may move to dismiss a claim for "failure to join a party under Rule 19." Federal Rule of Civil Procedure 19(a)(1), in turn, provides that an entity "must" be joined as a party if:

> (A) in that [entity's] absence, the court cannot accord complete relief among existing parties; or
>
> (B) that [entity] claims an interest relating to the subject of the action and is so situated that disposing of the action in the [entity's] absence may:

1

> (i) as a practical matter impair or impede the [entity's] ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

The Condominium Association is not a required party under any of Rule 19(a)(1)'s standards, for the following reasons:

First, this Court is empowered to "accord complete relief among [the] existing parties." Fed. R. Civ. P. 19(a)(1)(A). The only parties to this action are Plaintiff HSBC Bank USA, National Association (as indenture trustee for the original mortgagee People's Choice Home Loan, Inc.), and Defendant (the mortgagor of the subject property). First Am. Compl. [89] ¶¶ 3, 4. Plaintiff seeks to foreclose on the mortgage because Defendant has ostensibly defaulted on her payment obligations. *Id.* ¶ 9. Quite simply, an eventual judgment of foreclosure and sale from this Court would fully adjudicate the currently-pending claims in this action and afford Plaintiff the "complete relief" it seeks, which is all that is required under Rule 19(a)(1)(A).

Second, "disposing" of this action in the absence of the Condominium Association would not "impair" the Condominium Association's ability to protect its interest in the subject property. Fed. R. Civ. P. 19(a)(1)(B)(i). To understand why, the Court turns to the substantive provisions of Illinois law at issue here.

Plaintiff moves to foreclose pursuant to the Illinois Mortgage Foreclosure Law, or IMFL. First Am. Compl. [89] ¶¶ 1, 9. The IMFL creates a statutory cause of action and "governs the mode of procedure for mortgage foreclosures in Illinois."

*Deutsche Bank National Trust Co. v. Christian*, No. 1:12-cv-03613, 2013 WL 6283584, at *2 (N.D. Ill. Dec. 4, 2013). Section 15-1501(a) of the IMFL stipulates that the necessary parties to mortgage foreclosure proceedings are "only (i) the mortgagor and (ii) other persons (but not guarantors) who owe payment of indebtedness or the performance of other obligations secured by the mortgage and against whom personal liability is asserted." 735 Ill. Comp. Stat. 5/15-1501(a). The Condominium Association meets neither of these definitions.

Conversely, Section 15-1501(b)(10) of the IMFL identifies merely "permissible" parties to foreclosure actions, including "any other mortgagee or claimant." *Id.* at 5/15-1501(b)(10). The Condominium Association qualifies as a "claimant" within the meaning of the IMFL via operation of Section 9(g) of the Illinois Condominium Property Act, or ICPA. Under that section, when a unit owner fails to make any payment of "common expenses or other specified amounts," the unpaid amount "shall constitute a lien on the interest of the unit owner in the property." 765 Ill. Comp. Stat. 605/9(g). As a potential lien-holder against the subject property under the ICPA, the Condominium Association is a "claimant" and permissible party within the meaning of the IMFL.

According to Plaintiff, our analysis could end here because the "IMFL's provisions for necessary and permissive parties govern over contradictory federal civil procedure rules." Pl.'s Resp. to Def.'s Mot. to Dismiss [93] at *3. Defendant disagrees, insisting in its motion that "[w]hether the Condominium Association is a necessary party is governed by the Federal Rules – NOT by the [IMFL]." Def.'s

3

Mot. to Dismiss [91] at *3. Defendant's position is bolstered by the fact that the IMFL, by its own terms, clarifies that its identification of necessary and permissible parties is made "[f]or the purposes of Section 2-405 of the [Illinois] Code of Civil Procedure." 735 Ill. Comp. Stat. 5/15-1501(a). Ultimately, however, the Court does not need to resolve this issue, because the result would remain the same even if we set aside the IMFL's delineation between necessary and permissible parties.

To obviate the risk of inconsistent judgments when permissible parties are not joined, the IMFL provides that the "disposition of the mortgaged real estate shall be subject to (i) the interest of all other persons not made a party or (ii) interests in the mortgaged real estate not otherwise barred or terminated in the foreclosure." *Id.* Thus, if an entity is not joined in a foreclosure action under the IMFL, the eventual judgment of foreclosure does not affect that entity's interest in the subject property. Plaintiff explicitly and correctly acknowledges in its response that this principle would govern the relationship between the Condominium Association and the subject property, should this Court ultimately enter a judgment of foreclosure. Pl.'s Resp. to Def.'s Mot. to Dismiss [93] at *6. Since any potential judgment of foreclosure entered by this Court would "be subject to" any interests held by the Condominium Association, a judgment of foreclosure in this case would not "impair" or "impede" any rights the Condominium Association might hold. Thus, the Condominium Association is not a necessary party under Federal Rule of Civil Procedure 19(a)(1)(B)(i).

Third, neither Defendant's motion to dismiss [91] nor Defendant's reply [98] suggests that adjudicating this case in the Condominium Association's absence would subject either party to a substantial risk of double, multiple or otherwise inconsistent obligations. Defendant's silence on this point is telling. Defendant's obligations to Plaintiff are rooted in the mortgage which is the subject of this action. First Am. Compl. [89] ¶ 1. On the other hand, Defendant's obligations to the Condominium Association (if any) flow from Section 9(g) of the ICPA. And again, the ICPA would only serve to create "a lien on the interest of the unit owner" in the event the owner failed to make payments concerning "common expenses or other specified amounts." 765 Ill. Comp. Stat. 605/9(g). At this point there is no evidence before the Court that Defendant has failed to pay any amounts owed to the Condominium Association, which means there is no suggestion that any lien has been generated pursuant to the ICPA. And even if the Condominium Association did hold a lien under the ICPA, Defendant has not explained how her obligations under such a lien would be "double, multiple or inconsistent" with her obligations to Plaintiff under the mortgage. Accordingly, the Condominium Association is not a necessary party under Federal Rule of Civil Procedure 19(a)(1)(B)(ii).

Because the Condominium Association is not a "required" party under Federal Rule of Civil Procedure 19(a)(1), Defendant's motion to dismiss for failure to join a required party is denied. The Court further finds that neither party has acted in bad faith, vexatiously, wantonly or for oppressive reasons, as required to justify an exception to the American Rule under *Stive v. United States*, 366 F.3d 520, 522

(7th Cir. 2004). Accordingly, the parties' respective requests for attorneys' fees are denied.

Dated: July 27, 2015                    Entered:

*[signature]*

John Robert Blakey
United States District Judge