# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HSBC BANK USA, | |
| Plaintiff, | Case No. 12-cv-6801 |
| v. | |
| RUTH HELEN DAVIS and CAMBRIDGE APARTMENTS CONDOMINIUM ASSOCIATION, | Judge John Robert Blakey |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff HSBC Bank brought this foreclosure action against pro se Defendant Ruth Davis after Davis defaulted on her mortgage, which HSBC holds. HSBC also sued Defendant Cambridge Apartments Condominium Association because Cambridge "may have some interest in the subject real estate by virtue of unpaid assessments or other charges." [110] at 3. HSBC moved for summary judgment on its complaint, [144], and entry of default against Cambridge, [145]. Davis moved to strike one of HSBC's supporting affidavits. [157]. For the reasons explained below, this Court grants HSBC's motions and denies Davis' motion.

This Court presumes familiarity with, and incorporates by reference, its prior opinion granting summary judgment to HSBC on all of Davis' counterclaims and affirmative defenses. [141]. HSBC's current Local Rule 56.1 statement of facts [143] restates and incorporates the statement of facts [122] that it submitted with its prior summary judgment motion. Davis again failed to file an enumerated

1

response to HSBC's statement of facts, in contravention of Local Rule 56.1(b)(3)(B), so this Court deems HSBC's statement of facts admitted. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation" should excuse mistakes by pro se litigants.); *Wilson v. Kautex, Inc.*, 371 F. App'x 663, 664 (7th Cir. 2010) (explaining that district courts may strictly enforce Local Rule 56.1 even against pro se litigants). Because no facts have changed since the prior ruling, this opinion incorporates by reference the previous background section.

## I. Legal Standard

Courts should grant summary judgment when the moving party shows that no genuine dispute exists as to any material fact and the evidence weighs so heavily in the moving party's favor that the moving party "must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *see also* Fed. R. Civ. P. 56. A genuine dispute as to a material fact exists when, based upon the evidence, a reasonable jury could find for the non-moving party. *Anderson*, 477 U.S. at 248. To show a genuine dispute as to a material fact, the non-moving party must point to "particular materials in the record," and cannot rely upon the pleadings or speculation. *Olendzki v. Rossi*, 765 F.3d 742, 746 (7th Cir. 2014).

At summary judgment, courts must evaluate evidence in the light most favorable to the non-moving party and must refrain from making credibility determinations or weighing evidence. *Rasho v. Elyea*, 856 F.3d 469, 477 (7th Cir. 2017) (citing *Anderson*, 477 U.S. at 255). The moving party bears the burden of

establishing the lack of genuine disputes as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

II.  **Analysis**

   A.  **Davis' Motion to Strike**

Davis moved to strike the affidavit of William Long, a contract management coordinator for OLS; she contends that Long's affidavit violates the Federal Rules of Civil Procedure because it contains "untrustworthy and unreliable facts" and because Long has no "Power of Attorney from any corporate executive at HSBC." [157] at 2–4.  Thus, Davis says, Long's affidavit and its attachments constitute inadmissible hearsay. *Id.* at 4.  This Court disagrees.

In its prior opinion, this Court denied Davis' similar motion to strike the affidavit of Kevin Flannigan, another OLS employee. [141] at 6.  This Court denies Davis' motion to strike Long's affidavit for the same reasons.  Broadly speaking, Long describes his personal knowledge of OLS and HSBC's business practices, the specifics of Davis' mortgage, and the documentary evidence supporting his statements. [143-1].  Long authenticates the documents as business records that fall within the hearsay exception of Federal Rule of Evidence 803(6).  *See* [143-1] at 1 (explaining that, in "the ordinary course of business," OLS maintains a loan file for each loan that it services, containing the loan payment history and other records).  Davis' argument that Long needs a "Power of Attorney" from an HSBC corporate executive to testify in this matter has no merit.

3

### B. HSBC's Motion for Entry of Default

Federal Rule of Civil Procedure 55(a) provides for entry of default against a party who fails "to plead or otherwise defend." HSBC moved for entry of default against Cambridge. [145]. HSBC served Cambridge in October 2016, [147], but Cambridge never filed an appearance, an answer, or a responsive pleading. Thus, this Court grants HSBC's motion for entry of default against Cambridge.

### C. HSBC's Motion for Summary Judgment

HSBC moved for summary judgment on its complaint, arguing that it merits judgment as a matter of law. [144] at 1. This Court agrees and grants the motion.

Under the Illinois Mortgage Foreclosure Law (IMFL), a court "shall enter a judgment of foreclosure as requested in the complaint" when the foreclosure plaintiff proves the material allegations of its complaint and supports the amount due through affidavits. 735 ILCS 5/15-1506(a)(2). HSBC satisfies those requirements: it attached the mortgage, Davis' promissory note, and an "Assignment of Mortgage" to its complaint, [110] at 6–29, and also filed multiple affidavits establishing Davis' default on her mortgage and the amount she owes because of that default, *see generally* [121]; [143].

Davis argues that HSBC commenced foreclosure proceedings improperly because she sent payments in the spring of 2012 that HSBC rejected. [159] at 2, 7–8. But Davis' rejected checks do not create a genuine issue of material fact; they show only partial payments that she attempted to make *after* HSBC called the entire amount of the loan due—pursuant to the mortgage—and gave her a notice of

default on May 4, 2012. [121] at 112–13. At that point, Davis had been delinquent on her payments since November 2011. [143] at 4. Indeed, along with her rejected checks, Davis included accompanying letters from OLS explaining that it rejected her partial payments because, under the mortgage terms, she needed to pay the full amount due to cure her default. [159] at 7, 8.

Davis also filed an affidavit in which she declares that HSBC does not provide any affidavits to show that it has an interest in her mortgage. [154]. For several reasons, this affidavit does not help Davis. First, because of her failure to comply with Local Rule 56.1, this Court deemed admitted HSBC's statement of facts; the statement of facts establishes that Davis' original lender transferred her mortgage note to HSBC in June 2005. [122] ¶ 18.

Second, in addition to the mortgage deed and Davis' promissory note, HSBC attached the Assignment of Mortgage to its complaint, showing that it took over "all rights, title and interest in" Davis' mortgage. [110] at 28–29. Even if HSBC had omitted the Assignment of Mortgage and attached only the note to its complaint, HSBC would have made a prima facie showing that it owns the note, thus shifting the burden to Davis to *prove* that HSBC has no interest in her mortgage. *See Rosestone Invs., LLC v. Garner*, 2 N.E.3d 532, 539–40 (Ill. App. Ct. 2013). Davis offers no evidence to call HSBC's standing into doubt, and HSBC's evidence—including a note endorsed in blank, [121] at 16—clearly shows that HSBC has an interest in Davis' mortgage, *see* 810 ILCS 5/3-205(b) ("When endorsed in blank, an instrument becomes payable to bearer."); *Parkway Bank & Trust Co. v. Korzen*, 2

N.E.3d 1052, 1066 (Ill. App. Ct. 2013) (explaining that the "mere fact" that a complaint includes a copy of the note provides "*prima facie* evidence that the plaintiff owns the note").

Because no genuine disputes of material fact exist regarding HSBC's right to foreclose on Davis' mortgage, this Court grants summary judgment to HSBC.

### III. Conclusion

This Court denies Davis' motion to strike [157], grants HSBC's motion for entry of default against Cambridge [145], and grants HSBC's motion for summary judgment [144]. This Court will address HSBC's motion for entry of judgment for foreclosure and sale [146] by separate order. Consistent with this Court's standing orders, HSBC's counsel shall submit a proposed order, as to the requested judgment for foreclosure and sale, to this Court's proposed order inbox on or before March 16, 2018.

Dated: March 5, 2018

Entered:

John Robert Blakey
United States District Judge